**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| SIDHARTHA MADHU BHISE, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 13-71122 <br><br> Agency No. A088-492-940 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 11, 2016
San Francisco, California

Before: NOONAN, W. FLETCHER, and MURGUIA, Circuit Judges.

Sidhartha Madhu Bhise seeks asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") based on abuses he allegedly endured as a result of his opposition to Mauvin Godinho, an elected official in the Indian state of Goa. The Board of Immigration Appeals ("BIA")

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

denied Bhise's application. Bhise petitions for review of this decision. We have jurisdiction under 28 U.S.C. § 1252.

To support his claims, Bhise testified to multiple instances of abuse. Because the BIA did not reach the question of credibility, for the purposes of this appeal, we credit Bhise's testimony as true. *See Vitug v. Holder*, 723 F.3d 1056, 1065 (9th Cir. 2013). In 2000, Bhise was arrested at a rally where he performed in a political street play criticizing Godinho. The police detained Bhise overnight, beat him, and forced him to sign a statement admitting that he had defamed Godinho and promising to no longer participate in political street plays. In 2002, after a victory rally for Godinho's opponent in an election, Godinho's men attacked Bhise: they hit him and smashed in his car windows before he was able to escape. In 2007, Bhise was putting up posters supporting the re-election of Godinho's incumbent political opponent when ten men with hockey sticks attacked him and were able to hit him in the arm and back before he escaped.

After Godinho won the 2007 election, Godinho supporters threw rocks and firecrackers at Bhise's family's home. Fearing further harm, Bhise left to stay with a relative in Mumbai until he was able to leave India as an employee on a Carnival Cruise Line ship.

In 2008, Bhise returned home. A few days after his return, Godinho supporters came to Bhise's house to search for him and told Bhise's father that they had old scores to settle with Bhise. Once again, Bhise escaped to stay with his relative in Mumbai until he gained employment on a cruise ship, allowing him to leave the country.

In 2009, Bhise returned to India, but did not return to his hometown. He tried to stay with his relative in Mumbai, but the police had been searching for him there. Bhise stayed elsewhere in Mumbai for two months before he obtained employment on a cruise ship and left the country a final time. He entered the United States on or about June 5, 2009 and has not returned to India since. He testified that the police and Godinho supporters have continued to search for him at his family's home and his father's affidavit supports that statement.

1. The harm Bhise has suffered does not rise to the level of past persecution. Although the initial detention by the police is similar to one of the detentions in *Guo v. Ashcroft*, 361 F.3d 1194, 1203 (9th Cir. 2004), the surrounding circumstances are completely different. After the initial detention, two years elapsed before the next physical altercation and five more years elapsed before the second. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (remaining six additional months within origin country without incident weighs against a

3

finding of persecution).  Neither of those subsequent altercations rose to the level of abuse that occurred in *Guo*.  *See Guo*, 361 F.3d at 1203.

Bhise also testified that his life was threatened either after his final return in 2009 or when Godinho's supporters searched for him in 2008.  Regardless, the evidence of this threat was admittedly hearsay told to him by his father and, accordingly, is given less weight.  *See Gu v. Gonzales*, 454 F.3d 1014, 1021 (9th Cir. 2006) (accepting testimony as true "does not prevent us from considering the relative probative value of hearsay and non-hearsay testimony").  Overall, the record does not compel the conclusion that Bhise suffered past persecution.  *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992).

2.  Bhise has failed to prove that he has a well-founded fear of future persecution because he has not shown that his fear is objectively valid.  There is no indication that Bhise will, upon his return, suffer abuse of greater severity than what he suffered in the past, indicating that future abuses will probably not rise to the level of persecution.  Also, because any death threat made against Bhise was developed through hearsay evidence, Bhise's testimony about such threats does not compel the conclusion that he will be persecuted in the future.  Although Godinho supporters and the police continue to search for Bhise, those searches do not necessarily indicate that Bhise would suffer persecution if he were found.  *See Gu*,

4

454 F.3d at 1021–22. Additionally, Bhise's multiple returns to India, where he stayed for two months each time without incident, further undermine his contention that he will suffer future persecution. *Cf. Kumar v. Gonzales*, 439 F.3d 520, 524–25 (9th Cir. 2006). Overall, the evidence does not compel overturning the BIA's conclusion that Bhise does not have a well-founded fear of future persecution. *See Elias-Zacarias*, 502 U.S. at 481 & n.1.

3. Because Bhise does not satisfy the objective standard for a well-founded fear of future persecution, Bhise also does not satisfy the more stringent standard for withholding of removal. *Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

4. The physical abuses at issue here did not involve the intentional infliction of "severe pain or suffering, whether physical or mental, . . . on a person" and therefore do not rise to the level of torture. 8 C.F.R. § 1208.18(a)(1); *Nuru v. Gonzales*, 404 F.3d 1207, 1217 (9th Cir. 2005).

The petition is **DENIED**.