NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 22 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SIDHARTHA MADHU BHISE,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

Respondent.

No.     17-71430

Agency No. A088-492-940

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 15, 2018[**]

Before:      FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Sidhartha Madhu Bhise, native and citizen of India, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

abuse of discretion the denial of a motion to reopen, and de novo claims of due

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

process violations in removal proceedings, including claims of ineffective assistance of counsel. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

We decline to consider any challenge to the agency's underlying denial of relief because this Court has already decided those issues. *See Bhise v. Lynch*, 648 Fed. Appx. 650 (9th Cir. 2016).

The BIA did not abuse its discretion by denying Bhise's motion to reopen based on ineffective assistance of counsel because he failed to show prejudice. *See Mohammed*, 400 F.3d at 793-94 (to prevail on an ineffective assistance of counsel claim, petitioner must show counsel's performance was so inadequate it may have affected the outcome of proceedings).

The BIA did not abuse its discretion by denying Bhise's untimely motion to reopen because Bhise failed to establish materially changed country conditions in India to qualify for the regulatory exception to the filing deadline. *See* 8 C.F.R. § 1003.2(c)(2)-(3); *Najmabadi v. Holder*, 597 F.3d 987-90 (9th Cir. 2010) (petitioner failed to show evidence was "qualitatively different" to warrant reopening).

We reject Bhise's contentions that the BIA applied the wrong legal standard

in its analysis or failed to consider record evidence.

**PETITION FOR REVIEW DENIED.**